Henry GILER and all other present and former members of Locals 108, 420, 509, 206, 273, 152, 88, 26, and 426 of the Sheet Metal Workers International Association similarly situated, Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF SHEET METAL WORKERS PENSION PLAN OF SOUTHERN CALIFORNIA et al., Defendants-Appellees.

No. 73–1149.

United States Court of Appeals, Ninth Circuit.

Sept. 3, 1974.

As Amended Jan. 7, 1975.

Emanuel Gyler (argued), of Gyler & Gottlieb, Long Beach, Cal., for plaintiff-appellant.

Robert W. Filbert (argued), Beverly Hills, Cal., for defendants-appellees.

Before HUFSTEDLER and CHOY, Circuit Judges, and SOLOMON, District Judge.*

## OPINION

PER CURIAM:

The District Court dismissed an action in which Giler (plaintiff) asserted that the "break-in-service" provision of his union's pension plan was invalid. We affirm.

Giler voluntarily withdrew his membership in the Sheet Metal Workers Union in September, 1965, to become self-employed. On that date he had accumulated 17 years in pension credits. In December, 1966, when Giler reached the age of 50, he applied to the trustees of the pension plan for the vesting of his pension rights. The trustees rejected the request because the plan required 20 years of pension credits to vest a pension at that age.

In 1971, the pension plan was amended to permit pension rights to a member with 15 years of service when he attained the age of 55. In December, 1971, when plaintiff reached 55, he applied for pension benefits. His request was denied because there was a break in service of more than two years.

The pension plan provided that an employee's previously accumulated pension credits would be cancelled if he failed to earn one quarter of pension credit in two consecutive calendar years. Plaintiff asserts that this rule violates 29 U.S.C. § 186(c)(5).

The trustees of a pension plan established under 29 U.S.C. § 186(c)(5) have broad discretion in setting eligibility rules. A court should interfere only when the rule is unreasonable or its enforcement arbitrary. Roark v. Lewis, 130 U.S.App.D.C. 360, 401 F.2d 425 (1968), adhered to sub nom. Roark v. Boyle, 141 U.S.App.D.C. 390, 439 F.2d 497 (1970).

In Lee v. Nesbitt, 453 F.2d 1309 (9th Cir. 1972), the case upon which appellant relies, the employee had completed the minimum number of years of work credit in covered employment before he had a break in employment. And the break was involuntary; there was no work available for him.

Here Giler voluntarily left covered employment. He did not show that the trustees arbitrarily or capriciously enforced the rule. The break-in-service rule is reasonable as applied to him.[1]

Affirmed.

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The Employee Retirement Income Security Act of 1974 was enacted on September 2, 1974, Pub.L.No. 93–406, 88 Stat. 829. Under the Act all plans must provide for the immediate vesting of rights to benefits derived from employee contributions and 100 per cent vesting of all rights after 15 years of service.

In addition, the "break-in-service" provisions under the Act are restrictive. If the 1974 Act had been in effect during the period of Giler's employment, he would have been entitled to prevail in this case.