Forrest BUGHER et al., as Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and A. Clem et al., as Trustees of the International Union of Operating Engineers and Pipe Line Employers Health & Welfare Fund, Plaintiffs,

v.

OHIO PIPELINE CONSTRUCTION COMPANY, Defendant.

Civ. A. No. 73-235.

United States District Court,
S. D. Ohio, E. D.

April 4, 1975.

Daniel S. Shulman, Bernard M. Baum, Louis E. Sigman, Chicago, Ill., John Palmer, Columbus, Ohio, Russell Steiner, Newark, Ohio, for plaintiffs.

J. Gilbert Reese, James H. McNenny, Reese, Fitzgibbon, McNenny & Price, Newark, Ohio, for defendant.

OPINION AND ORDER

KINNEARY, Chief Judge.

This matter is before the Court on plaintiffs' motion for judgment on the pleadings which the Court shall consider as a motion for summary judgment under the provisions of Rule 56, Federal Rules of Civil Procedure. Defendant has filed a memorandum in opposition.

This is an action under the Labor Management Relations Act. The de-

fendant is an employer who entered into a collective bargaining agreement requiring it to make periodic payments into specified union trust funds. As trustees of the funds, plaintiffs contend that the defendant has failed to make payments to these funds totaling $25,371.00. The Court has previously granted summary judgment in favor of plaintiffs for this amount plus interest. At that time the Court reserved a ruling on plaintiffs' motion for judgment for $9,159.42 in audit fees plus reasonable attorneys' fees.

Article V, Section 4 of the Central Pension Fund Trust Agreement provides that:

> In addition to any other remedies to which the parties may be entitled, an Employer in default for ten working days may be required at the discretion of the Trustees to pay such reasonable rate of interest as the Trustees may fix on the monies due to the Trustees from the date when the payment was due to the date when payment is made, together with all expenses of collection incurred by the Trustees. The Trustees may take any action necessary to enforce payment of the contributions due hereunder, including, but not limited to, proceedings at law and in equity.

The language of the Health and Welfare Fund Trust Agreement is nearly identical.

■ Defendants contend that the audit fees claimed by plaintiffs were an unnecessary expenditure. They further argue that agreements providing for payment of collection expenses and attorneys' fees are unenforceable as contrary to public policy. This latter position is without merit. The Supreme Court has awarded attorneys' fees and other expenses when they were provided for in a trust agreement. United States for the Benefit of Sherman, et al, Trustees v. Carter, et al, 353 U.S. 210, 220, 77 S.Ct. 793, 1 L.Ed.2d 776 (1957). *See also* Jensen v. Garvison, 274 F.Supp.

866 (D.Or.1967). The Court must therefore decide whether the Trust Agreements in question here actually provide for the payment of such expenses.

Defendant points out that Section 5 of Article V provides that the Trustees may at any time have an audit made by independent certified public accountants. This section does not provide that the employer is to pay the fee for such an audit, and although such audits have been conducted in the past, these expenses were never charged to the defendant. Defendant also argues that prior to the audit it had prepared reports on contributions, that these were available to the plaintiffs, and that the audit was not necessary to the bringing of this action.

■ The Court believes that the defendant has confused two purposes of audits. The Agreement seems to contemplate that the Trustees will bear the expense of occasional supervisory audits. However, when a company has failed to make the contributions required, an audit is necessary to determine the exact amount due the trust funds. In such a case the audit is a necessary expense of collection. Furthermore, the agreement expressly contemplates that the Trustees may initiate proceedings at law and in equity to enforce payment of contributions due. Thus, attorneys' fees are also a necessary and contemplated expense of collection. Apart from the Agreement, an award of such expenses is proper to make the trust funds "whole."

The audit in question here cost $9,159.42. This audit revealed that contributions were due for the period from January, 1971 to February, 1973. Plaintiffs' attorneys have also submitted affidavits itemizing 73¼ hours of legal work performed. The Court finds that a reasonable attorneys' fee is $2,930.00.

Whereupon, the Court determines that plaintiffs' motion for summary judgment is meritorious and it is therefore Granted. In addition to the judgment previously rendered in this case, summary judgment is hereby rendered for

plaintiffs in the amount of $12,089.42, representing $9,159.42 in audit fees, plus $2,930.00 in attorneys' fees.

It is so ordered.