**Edwin NELSON, Plaintiff,**

**v.**

**William D. JOYCE et al., Defendants.**

**No. 74 C 631.**

United States District Court,
N. D. Illinois, E. D.

Dec. 9, 1975.

---

☞868

Clarence M. Dunagan, Chicago, Ill., for plaintiff.

Eugene I. Pavalon and Leo Segall, Asher, Greenfield, Gubbins & Segall, Chicago, Ill., for defendants.

## MEMORANDUM DECISION

MARSHALL, District Judge.

The plaintiff, Edwin Nelson, complains of the defendant Trustees' decision that he is ineligible to receive pension benefits from the Local 710 Pension Fund. The defendants, the Trustees of the Pension Fund, contend that Nelson is a partner rather than an employee, and as such, is prohibited from receiving Pension Fund benefits. Pending for decision are cross motions for summary judgment.

Edwin Nelson was a partner in the Nightway Transportation Company, a trucking concern owned by Nelson and his brothers, from its establishment in 1944 until its dissolution in 1967. In 1967 the concern was incorporated, retaining the name Nightway Transportation Company. Nelson continued to work for the corporation until his retirement in 1969. He was a member of the International Brotherhood of Teamsters, Local 710, from 1937 or 1938 until his retirement in 1969. The Nightway partnership, and later the Nightway corporation, paid a total of $3,684 into the Local 710 Pension Fund on Nelson's behalf. After his retirement, Nelson applied for a pension. The Trustees refused his application and tendered a refund of the contributions made in his behalf.

The controversy centers on the meaning of the word "employee." The Local 710 Pension Fund is a jointly administered multi-employer pension plan, established pursuant to the authority granted by the Labor-Management Relations Act, 29 U.S.C. § 186(c)(5). According to this section, the pension fund must be operated for the "sole and exclusive benefit" of employees. The plan also enjoys tax exempt status as a qualified plan under the Internal Revenue Code. This tax exempt status is limited to "voluntary employees' beneficiary associations." 26 U.S.C. § 501(c)(9). The Trustees contend that Nelson, as a partner, was not an employee within the meaning of these two provisions. Nelson argues that despite his status as partner, he was an employee within the meaning of these statutes and is eligible for a pension.

There is no doubt that Edwin Nelson was a partner in the Nightway Transportation Company before its incorporation. According to the deposition of his brother and fellow partner, Nelson was an equal partner (p. 4) and was paid a draw against his partnership interest (p. 13). As his contribution to the partnership, he drove delivery trucks and acted as a mechanic (pp. 5–7). Because his status as a partner is undisputed, the issues for decision are: (1) whether

a pension fund which distributes benefits to a partner will lose the tax exemption granted to "voluntary employees' beneficiary associations" in 26 U.S.C. § 501(c)(9); and (2) whether a partner may participate in a trust fund established for the "sole and exclusive benefit" of employees under 29 U.S. C. § 186(c)(5). If the first question is answered affirmatively, the second question need not be reached.

A threshold question is the standard for review of the Trustees' decision denying Nelson's pension application. Most courts will review an eligibility decision only to the extent necessary to determine whether the trustees acted arbitrarily, capriciously, or in bad faith. *E. g., Gaydosh v. Lewis,* 133 U.S. App.D.C. 274, 410 F.2d 262, 265 (1969); *Insley v. Joyce,* 330 F.Supp. 1228, 1233 (N.D.Ill.1971); *Haynes v. Lewis,* 298 F.Supp. 331, 334 (D.D.C.1969). The issue in these cases was the trustees' interpretation and application of an eligibility requirement adopted pursuant to their authority to administer the fund. Generally, the trust instrument gives the trustees full authority to establish and apply eligibility requirements, subject only to the purpose of the fund and to the provisions of the Labor-Management Relations Act. *See, e. g., Gomez v. Lewis,* 414 F.2d 1312, 1314 (3d Cir. 1969); amended agreement and declaration of trust creating the Local 710 pension fund, § 10. Under these circumstances, the courts' use of the arbitrary and capricious standard of review is consonant with the trustees broad discretion. Some courts have suggested, however, that this standard should apply only to decisions involving the trustees' discretion, and that questions of law should be reviewed more carefully. If the trustees make an error of law, these courts would correct it. *See Danti v. Lewis,* 114 U.S.App.D.C. 105, 312 F.2d 345, 348 (1962); *Patterson v. United Mine Workers Welfare & Retirement Fund,* 346 F.Supp. 11, 13 (E.D.Tenn. 1971); *Bolgar v. Lewis,* 238 F.Supp.

595, 597 (W.D.Pa.1960); *Hurd v. Ill. Bell Telephone Co.,* 136 F.Supp. 125, 154–55 (N.D.Ill.1955), *aff'd,* 234 F.2d 942 (7th Cir. 1956). *But see Munts v. Fitzsimmons,* 25 Ill.App.3d 109, 323 N. E.2d 153 (1975) (court applied arbitrary and capricious standard to question whether plaintiff was employee or independent contractor). As questions of law are uniquely within the courts' expertise, this approach will be followed here.

Properly framed, the first issue here is a narrow question of law: whether a qualified pension plan can distribute benefits to a partner and still maintain its tax exempt status under 26 U.S.C. § 501(c)(9) as an employees' association. Considering this precise question, the Internal Revenue Service has ruled that partners are not employees and are not eligible for participation in a qualified pension fund. Rev. Rule 70–411, 69–144. Revenue rulings are not, of course, binding on a court. Nevertheless, as rulings of the agency specifically charged with the administration of the tax laws, the rulings are persuasive authority and are entitled to some weight. Moreover, at least one court reached the same conclusion based upon a construction of the statutory language granting the exemption. In *Milwaukee Sign Painters Welfare Fund v. United States,* 66–1 U.S.T.C. 9170 (E.D. Wis.1965), the court noted that § 501(c) (9) explicitly limits the exemption to employees' associations. The court held that a fund whose members included individual proprietors, partners, and self-employed persons could not qualify for the exemption. Although the court sympathized with the sign painters' desire to take advantage of the exemption, it directed them to present their arguments to Congress. The plaintiff here offers no evidence suggesting that Congress intended a broader or more liberal interpretation than that reached by the court in *Sign Painters.*

Since the determination that the § 501(c)(9) exemption does not apply to

'pension funds distributing benefits to partners disposes of the plaintiff's claim, we do not reach the question of whether a partner is an employee for the purposes of 29 U.S.C. § 186(c)(5). The defendant Trustees' motion for summary judgment is granted. The plaintiff's cross motion for summary judgment is denied.