Harry HUGE et al., Plaintiffs,

v.

OLD HOME MANOR, INC., a corporation, Defendant.

Civ. A. No. 75–1481.

United States District Court, W. D. Pennsylvania.

Aug. 19, 1976.

Henry Gusky, Pittsburgh, Pa., for plaintiffs.

Michael Handler, Indiana, Pa., for defendant.

### MEMORANDUM

McCUNE, District Judge.

This case was tried non jury on August 11, 1976. The issue is whether the defendant, a coal operator, should be required to pay the usual and customary royalties to the Trustees of the United Mine Workers of America Health and Retirement Trusts on the tenth day of each and every month or whether the defendant has some leeway in making the payments required by the National Bituminous Coal Wage Agreement of December 6, 1974. That agreement requires that each signatory operator shall pay royalties based upon hours worked and coal mined to the Trustees by the tenth of the month following production. (Article XX, § (d)(4)).

Paragraph (7) under Section (d) of the same article states that failure of an employer to make the required payments on the dates provided shall be deemed a violation of the Agreement. There is nothing ambiguous about the time when the payments are due.

The defendant, however, offered to prove that under the 1971 Agreement between the same parties, the Trustees had frequently accepted payments made after the due date (the 10th of the month) and thus, past practice had either estopped the Trustees from insisting on prompt payment or had created an ambiguity which should admit of testimony concerning the meaning of the contract.

We sustained objection to the offer of proof, deciding as a matter of law, that there was no estoppel and no ambiguity involved.

The defendant also offered to prove that its system of record keeping made it impossible to perform its obligation by the 10th of each month because railroad weights were its accepted proof of the quantity of coal mined and such weights were frequently not available until the 25th of each month or later.

We sustained objection to this offer as well, deciding that such evidence would not prove impossibility of performance in a legal sense since there were alternative methods of record keeping available.

Of course it was admitted that the hours worked by employees are available on a daily basis.

We have concluded that the Agreement of 1974 is clear on its face and should be enforced. The Trustees are, of

course, required to enforce it. Under the terms of the Employee Retirement Income Security Act, 29 U.S.C. § 1106, the Trustees might be open to criticism if they did not strictly enforce the Agreement since under § 1106(a)(1)(B), it might be construed that they were extending credit to a party in interest or under (D), using the assets of the plan to benefit a party in interest. They have understandably been strict in compelling adherence to the Agreement of 1974. Jurisdiction is here under 29 U.S.C. § 1132 and, of course, it is admitted that defendant is a party to the Bituminous Coal Wage Agreement.

■ The defendant has paid the royalties due but he has been rather consistently late in making payments for the months beginning January, 1975, and continuing until July of 1976. The plaintiffs have calculated interest on late payments from the 10th of each month until the date payment has been received at the rate of 6% per annum. That calculation shows interest due of $6,430.71 which is claimed and which we find should be awarded.

In addition, costs of suit and attorneys' fees and the expenses of an audit have been claimed in the following amounts:

| | |
|---|---|
| Costs of suit | $195.53 |
| Attorneys' fees for Pittsburgh counsel | 3,705.00 |
| Attorneys' fees for house counsel for the Funds | 750.00 |
| Travel expenses of house counsel | 426.26 |
| Costs of audit by an auditor employed by the Funds | 1,304.00 |

We will award, in addition to the interest, the costs of suit of $195.53, attorneys' fees for Pittsburgh counsel in the reduced amount of $2,218.00, which we find to be sufficient, and travel expenses for house counsel in the amount of $426.26.

Fees for house counsel will be disallowed because of his employment on salary by the Trusts.

The costs of audit will be disallowed. The auditor is employed by the Trusts which customarily bear the expense of periodic audits.

The total award will be $9,270.50.

There would appear to be no doubt that we have jurisdiction under the Act already cited to award such sums as will make the Trusts whole, see *Harry Huge, et al., Trustees v. Ron-Lee Coal Company, Inc.,* Civil Action No. 75–1218, in this court. (Opinion of the Honorable Wallace S. Gourley, dated June 18, 1976.)

■ In addition, we will require that payments of royalty be made by the 10th day of each month to the Trusts. Inquiry at trial developed that it was entirely possible for the defendant, which operates both a deep mine and several stripping operations, to rather accurately estimate the weights of coal produced each day and the weight of coal lost by the cleaning process at a cleaning plant. Admittedly, the coal delivered to the railroad might vary in weight from these estimates but corrections, up or down, should not vary greatly and variations can easily be corrected on a monthly basis. Coal from strip mines is customarily transported by truck. Truck scales are customarily used but even if scales are unavailable it is well known what quantity of coal can be hauled by various types of trucks. And experience permits a fair estimate of what is lost in the cleaning process. Accordingly, the payment shall be made on an estimated basis, if necessary, and adjusted on a monthly basis by the 10th of the following month.

An order follows.