**LOCAL UNION NO. 5 OF the SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION et al., Plaintiffs-Appellants,**

v.

**MAHONING AND TRUMBULL COUNTY BUILDING TRADES WELFARE FUND et al., Defendants-Appellees.**

No. 75–2268.

United States Court of Appeals, Sixth Circuit.

Argued June 23, 1976.

Decided Sept. 15, 1976.

Alan R. Kretzer, Burdman, Stevens, Gilliland, Fleck & Mostov, Youngstown, Ohio, for plaintiffs-appellants.

Eugene Green, Ronald G. Macala, Green, Schiavoni, Murphy & Haines, Youngstown, Ohio, for defendants-appellees.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

JOHN W. PECK, Circuit Judge.

Defendant-appellee Mahoning and Trumbull County Building Trades Welfare Fund (hereinafter "Fund"), a multi-union employer-funded trust established through 29 U.S.C. § 186(c)(5) (Supp. V 1975), amended its eligibility rules on April 22, 1969, to provide that

> "[t]he eligibility of an employee will terminate on the date the union which represents him for collective bargaining purposes ceases to participate in the Welfare Fund. Only the disabilities incurred prior to the withdrawal of the union from the fund will be honored."

Previously, an employee's eligibility for benefits continued beyond the withdrawal of his union until the time period (approximately three to six months) for which his employer had prepaid (approximately $180.00 to $360.00) for coverage expired. In effect, the amended rule would forfeit eligibility coverage stemming from employ-

er prepayments and an employee's Hour Bank[1] which an employee of a withdrawing union would otherwise have.

■ Plaintiffs-appellants, a union local (hereinafter "Local") and its business manager, sued[2] for declaratory and injunctive relief against the amended rule, seeking authority to withdraw from the Fund without forfeiting prepaid and "hour-banked" eligibility coverage. Plaintiffs challenged the amended rule as violating the Labor Management Relations Act § 302, 29 U.S.C. § 186(c)(5), requirement that the trust fund be "for the sole and exclusive benefit" of the contributing employer's employees and as breaching the trustees' fiduciary duty by being "arbitrary, capricious, unreasonable and against public policy."

After trial, the district court granted judgment for defendants-appellees Fund and its trustees. The court reasoned that the amended rule was neither a violation of 29 U.S.C. § 186, arbitrary, capricious, nor violative of fiduciary duties.

On appeal, plaintiffs reassert their earlier claims, but with greatest emphasis the claim that the amended rule violates 29 U.S.C. § 186(c)(5). We, however, affirm the judgment of the district court.

### LABOR MANAGEMENT RELATIONS ACT SECTION 302, 29 U.S.C. § 186

Plaintiffs claim that we should invalidate the amended rule because with its adoption the Fund ceased to be "for the sole and exclusive benefit" of employees of contributing employers, thereby losing the subsection 186(c)(5) exemption from the subsection 186(a) and 186(b) criminal proscription of the payment, lending, or delivering of "money or other thing[s] of value" from employers to the Fund as a "representative" of employees.[3]

Even assuming that the "sole and exclusive benefit" requirement applies to trustees' rule-making, in addition to the "establish[ment]" of qualified trusts, compare *Johnson v. Botica,* 537 F.2d 930 (7th Cir. 1976); *Nixon v. O'Callaghan,* 392 F.Supp. 1081, 1085 (S.D.N.Y.1975); *Wynn v. Heller,* 391 F.Supp. 507, 511 (S.D.N.Y.1975); *Toensing v. Brown,* 374 F.Supp. 191 (N.D.Cal. 1974), aff'd, 528 F.2d 69 (9th Cir. 1975); *Insley v. Joyce,* 330 F.Supp. 1228 (N.D.Ill. 1971); *Giordani v. Hoffmann,* 295 F.Supp. 463 (E.D.Pa.1969), with *Bowers v. Moreno,* 520 F.2d 843 (1st Cir. 1975); *DeLoraine v. MEBA Pension Trust,* 355 F.Supp. 89, 6 EPD ¶ 8982 (S.D.N.Y.1973), aff'd. on other grounds, 499 F.2d 49 (2d Cir.), cert. denied, 419 U.S. 1009, 95 S.Ct. 329, 42 L.Ed.2d 284 (1974); and *Fiorelli v. Kelewer,* 339 F.Supp. 796 (E.D.Pa.1972), and assuming that subsections 186(c)(5) and 186(e) would authorize the district court to invalidate a rule violating the "sole and exclusive benefit" requirement, rather than just criminalizing payments to a fund failing to comply with such requirements, see *Blassie v. Kroger Co.,* 345 F.2d 58, 68 (8th Cir. 1965), we find no violation of the requirement in the trustees' adoption of the amended rule.

---

1. In 1969, the Fund established an Hour Bank through which an employer's contributions for a particular employee in excess of 1,500 hours yearly, up to 120 "extra" hours yearly, would be credited in the employee's Hour Bank to "cover" the employee during certain times in the future when he would not be able to work for a contributing employer.

2. Plaintiffs sued in state court, but defendants filed a petition for removal to federal district court, claiming federal jurisdiction through 29 U.S.C. § 186(e). The district court thereafter denied plaintiffs' motion to remand to state court. Clearly, the district court had jurisdiction of the purported section 186(c)(5) violation. See, *e. g., Alvares v. Erickson,* 514 F.2d 156 (9th Cir.), cert. denied, 423 U.S. 874, 96 S.Ct. 143, 46 L.Ed.2d 106 (1975); *Insley v. Joyce,* 330 F.Supp. 1228, 1231–1232 (N.D.Ill. 1971). And the district court was within its discretion in exercising jurisdiction over the pendent state law fiduciary claim. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

3. Subsections 186(a) and 186(b) are criminal statutes prohibiting, with limited exceptions, the payment by an employer of "money or other thing[s] of value" to an employee representative and the receipt by an employee representative of such "money or other thing[s] of value." But courts have used the subsection 186(c) trust exception requirements to govern, in part, the administration of the subsection 186(c) trust.

■ Though several courts seemingly have assessed eligibility standards only against an "arbitrary or capricious" type standard, see *Botica, supra,* 537 F.2d 930; *Giler v. Board of Trustees,* 509 F.2d 848, 849 (9th Cir. 1974); *Gomez v. Lewis,* 414 F.2d 1312, 1316 (3rd Cir. 1969); *Roark v. Lewis,* 130 U.S.App.D.C. 360, 401 F.2d 425, 429 (1968); *Toensing, supra,* 374 F.Supp. at 198, 202; *Lugo v. Employees Retirement Fund,* 366 F.Supp. 99, 102–103 (E.D.N.Y.1973); *Insley v. Joyce,* 330 F.Supp. 1228, 1233–34 (N.D.Ill.1971), an eligibility standard, in our view, conceivably could violate the "sole and exclusive benefit" requirement without being "arbitrary or capricious." See *Botica, supra,* 537 F.2d 930; *Nelson v. Joyce,* 404 F.Supp. 489, 491 (N.D.Ill.1975). Even so, we view the amended rule as being valid. But see *Raymond v. Hoffmann,* 284 F.Supp. 596 (E.D.Pa.1966).

■ We are particularly unwilling to invalidate the amended rule where there is no intimation of bribery, extortion, or union misuse of funds that would strike at the purposes of section 186, see *Arroyo v. United States,* 359 U.S. 419, 79 S.Ct. 864, 867–869, 3 L.Ed.2d 915 (1959), but cf. *Local No. 2 v. Paramount Plastering, Inc.,* 310 F.2d 179, 186 (9th Cir. 1962), *cert. denied,* 372 U.S. 944, 83 S.Ct. 935, 9 L.Ed.2d 969 (1963), where the trustees adopted the rule in their legitimate interest of protecting "the long-term viability" of the Fund, where the contributions of the local's employers, though used for employees of other contributing employers, would not be used for "outsiders" to the Fund, *Blassie, supra,* 345 F.2d at 75–76; *Crawford v. Cianciulli,* 357 F.Supp. 357, 368 (E.D.Pa.1973), and where the precipitating cause of the contributions being used for employees of other contributing employers is the Local voluntary action of withdrawal from the Fund rather than some involuntary act. Compare *Giler, supra,* with *Lee v. Nesbitt,* 453 F.2d 1309 (9th Cir. 1971).

■ That the amended rule results in certain employers' contributions being used for other than their employees does not violate the "sole and exclusive benefit" re-quirement. *E. g., Giler, supra; Cianciulli, supra,* 357 F.Supp. 357; *Fiorelli, supra,* 339 F.Supp. 796; *Insley, supra,* 330 F.Supp. at 1232. See *Gomez, supra,* 414 F.2d 1312. Such imprecision is part and parcel of a pooled fund specifically authorized through 29 U.S.C. § 186(c)(5).

■ Plaintiffs do not challenge the district court finding that the amended rule was adopted to protect "the long-term viability of the trust fund." That the trustees so acted does not violate the "sole and exclusive benefit" requirement, for the trustees "must . . . certainly consider . . . the long-term viability of the trust fund." *Toensing, supra,* 374 F.Supp. at 196. See *Gomez, supra,* 414 F.2d at 1316; *Gaydosh v. Lewis,* 133 U.S.App.D.C. 274, 410 F.2d 262, 266 (1969).

Because we have found no violation of the "sole and exclusive benefit" requirement, it is unnecessary to consider plaintiffs' argument that there can be no waiver of section 186 requirements. *Moglia v. Geohegan,* 403 F.2d 110, 117 (2d Cir. 1968), *cert. denied,* 394 U.S. 919, 89 S.Ct. 1193, 22 L.Ed.2d 453 (1969) (equitable estoppel cannot supply missing writing); *Paramount Plastering, supra,* 310 F.2d 179 (cannot establish fund for purpose not within section 186(c)). But waiving benefits to a section 186 fund by withdrawing from the Fund or changing jobs (see, *e. g., Giler, supra*) differs from waiving section 186 procedural requirements.

The district court found no violation of state fiduciary standards, and on appeal plaintiffs have failed to seriously challenge that finding. Even though state law may be plaintiffs' "primary" protection, *see Bricklayers, Masons, and Plasterers International Union v. Stuart Plastering Co.,* 512 F.2d 1017, 1025–1026 (5th Cir. 1975), plaintiffs' appellate brief cites no Ohio cases in support of a state law fiduciary violation.

■ Having concluded that the amended rule is neither arbitrary nor capricious for the section 186 claim, and in the absence of on-point state authority, we hold that the

rule does not violate the trustees' state law fiduciary duty. See *Botica, supra.*

Affirmed.