Harry HUGE, C. W. Davis and Paul R. Dean, as Trustees of the United Mine Workers of America Health and Retirement Funds, Plaintiffs,

v.

MAXIMEADOWS MINING CO., Defendant.

Civ. A. No. 77–M–1310.

United States District Court,
N. D. Alabama,
Jasper Division.

Oct. 19, 1978.

**268**

Earl V. Brown, Jr., and William E. Mitch, Cooper, Mitch & Crawford, Birmingham, Ala., Henry S. Ruth, Jr., and Walter P. O'Connell, UMWA Health and Retirement Funds, Washington, D. C., for plaintiffs.

Donald W. Davis, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

McFADDEN, Chief Judge.

This is a suit by the Trustees of the United Mine Workers of America Health and Retirement Funds for moneys due under the provisions of a collective bargaining agreement, namely the National Bituminous Coal Wage Agreement of 1974, executed by the defendant on April 25, 1977. Under the terms of the agreement, defendant was required to pay to the Funds eighty-two cents per ton for each ton of coal produced for use or for sale and $1.54 per hour for each hour worked by the defendant's employees who performed classified work during the period from April 25, 1977 until the termination of the agreement. Plaintiffs claim, based on audits performed by Funds' representatives, $71,105.56, as of January 10, 1978, plus interest to that date of $1,799.73; additional interest of $11.69 per day after January 10, 1978 until satisfaction of the debt; and expenses and legal fees of $494.50.

Plaintiffs have filed a motion for summary judgment contending that there are no issues of material fact and that they are entitled to judgment as a matter of law.

The defendant does not dispute the accuracy of the figures, but contends that plaintiffs are not due to recover because:

(1) under the terms of the National Bituminous Coal Wage Agreement of 1974, the majority of the amounts allegedly owed by defendant are payable to the 1950 Pension Trust and the 1950 Benefit Trust, under which none of defendant's employees are eligible for benefits since the benefits of these funds are payable only for employees who retired prior to January 1, 1976, a time when the defendant was not in business and did not have any employees, making such contributions under the agreement illegal under 29 U.S.C. § 186 (Section 302 of the Labor Management Relations Act).

(2) in any event plaintiffs are not entitled to attorney's fees, audit, costs and expenses.

Section 302 in pertinent part states:

(a) It shall be unlawful for any employer . . . to pay, . . . or agree to pay, . . . any money or other thing of value—

(1) to any representative of any of his employees who are employed in an industry affecting commerce; . . .

   .      .      .      .      .

(c) The provisions of this section shall not be applicable . . . (5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents) . . .

■ This section places a statutory restriction upon payment or loans by employers to employee representatives. As defendant concedes, it was enacted to cure specific evils. Its primary thrust was to prevent racketeering or bribery of union officials by employers and extortion of employers by union officials. *Arroyo v. United States*, 359 U.S. 419, 424–425, 79 S.Ct. 864, 867–869, 3 L.Ed.2d 915 (1959).

The exceptions in section 302(c)(5), however, permit the establishment of employee welfare plans.

■ Defendant contends that this exception "for the sole and exclusive benefit of employees", taken literally does not permit payments from an employer to a fund from which none of that employer's employees can benefit. Defendant concedes, however, that the sole and exclusive benefit require-

ment of 302(c)(5) does not prevent the existence of pooled multi-employer pension and benefit funds.

■ It is the defendant's contention that the funds in question are not pooled multi-employer funds and that defendant can prove by evidence that the funds are not pooled. It is contended that since these funds are separate entities which have separate requirements for participation by employees, it is not permissible for an employer to pay moneys into the 1950 Funds when none of the employer's employees can benefit from such funds.

Defendant recognizes Judge Hancock's adverse decision in *Harry Huge v. Nutmeg Coal*, C.A. 77–H–837–S, 98 L.R.R.M. 2315 (N.D.Ala.1978), but suggests that Judge Hancock's decision, rendered on a motion to strike an affirmative defense, incorrectly assumed that the United Mine Workers Funds involved in that case (and the instant one) came within the permissible area of pooled trust funds. In that case, Judge Hancock said:

> Defendant contends that since it had no eligible employees of the 1950 Trust, the provisions for its payment into such a trust violated the "sole and exclusive benefit" clause set out above. The court is of the opinion that this contention presents a far too narrow view of the pooled trust fund theory which is specifically authorized by § 302(c)(5). See, *Local Union No. 5 v. Mahoning and Trumbull County Building Trades Welfare Fund*, 541 F.2d 636, 93 LRRM 2358 (6th Cir. 1976). Were there employees of non-contributing employers sharing in this fund the result might be different but such is not the case in this action. See *In Re: Outside Tape Fund v. New York Times Co.*, 478 F.2d 374, 83 LRRM 2410 (2nd Cir. 1973).

This court sees no distinction between the *Nutmeg* case and the present case and concurs in Judge Hancock's analysis.

The four component trusts created under the National Bituminous Coal Wage Agreements have the same trustees and each provides an interlocking range of health,

retirement and death benefits to eligible employees, former employees and their widows and dependents. The component trusts are pooled trust funds which are specifically provided for in the 1974 National Bituminous Coal Wage Agreement and authorized by section 302(c)(5) of the National Labor Relations Act as Judge Hancock noted.

■ The sole and exclusive benefit limitation on the use of welfare plan assets does not require actual participation in benefits of a particular component trust by any particular employee. Contributions may validly be made to the pooled trusts even though some money goes to a trust which will not directly pay benefits to that particular employer's workers or their dependents.

In *Local Union No. 5 v. Mahoning and Trumbull*, 541 F.2d 636 (6th Cir. 1976), a union withdrew from participation in a multi-union, employer-funded trust created under section 302(c)(5). The trustees adopted an eligibility rule, which in effect would forfeit eligibility coverage stemming from employer prepayments which an employee of the withdrawing union would have otherwise had. This rule was the basis of a challenge on the theory that their ineligibility meant that employer contributions were being used for other than the sole and exclusive benefit of employees in violation of section 302(c)(5). The court refused to invalidate the amended rule because there was no intimation of bribery, extortion, or union misuse of funds that would strike at the purposes of section 186. In the court's view, the trustees adopted the rule in their legitimate interest of protecting the long term viability of the fund. The contributions of the local's employers were used for employees of other contributing employers and not for outsiders to the funds. Therefore, there was no violation of the statute. The court stated:

> That, the amended rule results in certain employers' contributions being used for other than their employees does not violate the "sole and exclusive benefit" requirement . . . Such imprecision is part and parcel of a pooled fund specif-

ically authorized through 29 U.S.C. § 186(c)(5).

541 F.2d at 639.

The court is of the opinion that the payments would not violate section 302 and accordingly that summary judgment is due to be granted.

■ The court is further of the opinion that attorney's fees, audit fees and expenses are recoverable under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(g). *Huge v. Old Home Manor*, 419 F.Supp. 1019 (W.D.Pa.1976); *Bugher v. Ohio Pipeline Construction Co.*, 392 F.Supp. 687 (S.D.Ohio 1975); *Huge v. Limbaugh Coal Co.*, C.A. No. 75–M–1253 (N.D. Ala.1977); *Huge v. Sun Coal Co.*, 77–M–1309–J (N.D.Ala.1978).