Harvey HONEYCUTT, Plaintiff,

v.

**BOARD OF TRUSTEES OF the CON-
STRUCTION LABORERS PENSION
TRUST, etc., et al., Defendants.**

No. CV 79–0047 AAH.

United States District Court,
C. D. California.

April 16, 1979.

Steven L. Rothrock and Gary E. Hick-
man, Launer, Chaffee, Ward & Orman,
Fullerton, Cal., for plaintiff.

James Wolf, Los Angeles, Cal., Robert W.
Gilbert, Kenneth J. Sackman, Robert W.
Gilbert, Law Corp., Beverly Hills, Cal., for
defendants.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW WITH RESPECT TO
DEFENDANTS' MOTION FOR SUM-
MARY JUDGMENT

HAUK, District Judge.

This cause having come before the Court,
and having heard counsel, having heard the
motion for summary judgment, the points
and authorities thereon, and all other plead-
ings, papers and documents on file herein,
this Court makes the following findings of
fact and conclusions of law:

### FINDINGS OF FACT

1. The Construction Laborers Pension
Trust for Southern California ("Southern
California Trust") was created pursuant to
a collective bargaining agreement between
the Southern California District Council of
Laborers, affiliated locals, various employer
associations and individuals employing con-
struction laborers, and pursuant to the
Agreement and Declaration of Trust estab-
lishing the Construction Laborers Pension
Trust for Southern California.

2. Defendants, Board of Trustees of the Southern California Trust is made of an equal number of Trustees representing the employers and Trustees representing the employees.

3. The Agreement and Declaration of Trust establishing the Construction Laborers Pension Trust for Southern California at Article 7, Section 7.08 states:

"No employee, retired employee, or other beneficiary shall have any right or claim to benefits under the Pension Plan other than as specified in such Plan. Any dispute as to eligibility, type, amount or duration of benefit shall be resolved by the Board of Trustees under and pursuant to the Pension Plan and its decision of the dispute shall be final and binding upon all parties thereto."

4. The Southern California Trust is funded by contributions made by each contributing employer on behalf of each hour worked by employees for whom contributions were required to be made under the terms of the applicable collective bargaining agreements.

5. The Pension Plan of the Construction Laborers Pension Trust for Southern California was established by the Trustees pursuant to the Agreement and Declaration of Trust and sets forth the rules for eligibility for persons to receive benefits under the Trust.

6. Plaintiff, Harvey Honeycutt, is at this time eligible for pension benefits but by this action for declaratory relief seeks additional credited service from the Southern California Trust for a period from 1946 to 1958 prior to the inception of the Trust when he allegedly worked as a construction laborer in the geographical jurisdiction of the Trust.

7. During the period from June, 1958 to June, 1962, plaintiff owned and operated his own construction business in Northern California, outside the geographical jurisdiction of the Southern California Trust.

8. At the inception of the Trust in June, 1962, the Trustees adopted a continuity of employment provision pursuant to which an employee's previously accumulated pension credit would be cancelled if he failed to earn at least ³⁄₁₂ of pension credit in any one of two consecutive years. (Plan, Section 4.06) Plaintiff did not qualify for a grace period during that time as a full-time "Employer", (Section 4.06(A)(d)), because the Trustees interpreted the term "Employer" in that Section as an employer in the construction labor industry *within* the jurisdiction of the Plan.

9. Because plaintiff did not work within the jurisdiction of the Trust in 1959, 1960 and 1961, and did not qualify for a grace period during that time, he suffered a break in service, thereby losing any previously accumulated credited service.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to Section 302 of the Labor Management Relations Act, 1947. (29 U.S.C. § 186)

2. A rule or decision of the Trustees of a Section 302 Trust may be overturned only where it is arbitrary and capricious. *Tomlin v. Board of Trustees*, 586 F.2d 148 (9th Cir. 1978); *Wilson v. Board of Trustees*, 564 F.2d 1299 (9th Cir. 1977).

3. The requirement of continuity of employment for purposes of eligibility for past service credit, when no contributions were made to the Trust, is a reasonable exercise of the Trustees' discretionary authority and is not arbitrary and capricious. *Gilchrist v. Construction Laborers Pension Trust* (CV 78–2895–MML, January 31, 1979, C.D.Cal.); see also *Assalone v. Carey*, 154 U.S.App.D.C. 69, 72, 473 F.2d 199, 202 (1973); *Gaydosh v. Lewis*, 133 U.S.App.D.C. 274, 410 F.2d 262 (1969). The considerations present in this case are distinguishable from those in *Burroughs v. Board of Trustees*, 542 F.2d 1128 (9th Cir. 1976) in that there the break in service occurred after the rule was established but before the plaintiff received notice of the rule. Here the break in service occurred before the Trust's inception.

■ 4. The determination by the Trustees that plaintiff is not entitled to a grace period is reasonable in that there is no contention that the term has been interpreted inconsistently and the interpretation adopted by the Trustees is reasonable. *Rehmar v. Smith*, 555 F.2d 1362 (9th Cir. 1976); *Miniard v. Lewis*, 128 U.S.App.D.C. 299, 300, 387 F.2d 864, 865 (1967).

■ 5. Plaintiff alleges that the break in service rules of this Trust are arbitrary and capricious because they are not required to protect the actuarial soundness of the Trust. Such a contention is irrelevant. Congress in enacting the Employee Retirement Income Security Act of 1974, and the courts in interpreting Section 302 have recognized that the purpose of such rules are to promote and reward continuity of employment, in that break in service provisions are allowed without consideration as to the number of persons affected. ERISA, Section 203(b)(1)(F) and (b)(3), (29 U.S.C. § 1053(b)(1)(F) and (b)(3)) *Wilson v. Board of Trustees*, 564 F.2d 1299, 1302 (9th Cir. 1977); *Giler v. Board of Trustees*, 509 F.2d 848 (9th Cir. 1974); *Ponce v. Construction Laborers Pension Trust* (CV 76–2856–RMT, December 13, 1978, C.D.Cal.)

■ 6. No facts exist upon which to establish that the applicable rules or decisions of the Trust and Trustees are in any way arbitrary and capricious under Section 302(c)(5) of the Labor Management Relations Act (29 U.S.C. § 186(c)(5)).

7. Plaintiff states no cause of action under the Federal securities laws (15 U.S.C. § 78j(b)). *Teamsters v. Daniel*, —— U.S. ——, 99 S.Ct. 790, 58 L.Ed.2d 808; *Hurn v. Retirement Fund*, 424 F.Supp. 80 (C.D.Cal. 1976).

8. Any finding of fact which may be adopted as a conclusion of law is hereby adopted as such.

9. There is no genuine issue as to any material facts and therefore defendants' motion for summary judgment is granted.