BYE, Circuit Judge,
with whom McMILLIAN, Circuit Judge, joins, concurring in part and dissenting in part.
I agree with the majority’s decision to abandon the use of the presumption when considering ERISA attorney fee applications under 29 U.S.C. § 1132(g). I disagree with two other aspects of the majority opinion.
First, the majority re-affirms a district court’s use of the five-factor test when deciding whether to award fees to a successful ERISA plaintiff. Ante at 972. The five-factor test has been criticized as “an unhelpful method for determining the appropriateness of awards to prevailing plaintiffs in ERISA actions.” Mark Ber-lind, Attorney’s Fees under ERISA: When is an Award Appropriate?, 71 Cornell L.Rev. 1037,1058 (1986). Criticisms of the five-factor test include (a) the superfluous nature of the first factor, since courts already have the inherent ability to shift fees because of bad faith, (b) the fact that the second factor does not apply to most ERISA situations because an ERISA plan typically pays the fees of a prevailing party rather than the plan administrators personally, and (c) ERISA already provides strict fiduciary standards that accomplish the goals of the third factor, deterrence. See id. at 1058-61; see also Cent. States S.E. & S.W. Areas Pension Fund v. Hitchings Trucking, Inc., 492 F.Supp. 906, 909 (E.D.Mich.1980) (“[I]t is difficult to determine the relationship of ERISA to each of these factors.”). I believe we should develop a better test.
I would abandon the first three factors and replace them with one — '“whether a reasonable plaintiff would have brought suit if no award of attorney’s fees was *974 possible.” 71 Cornell L.Rev. at 1062. In this case, Norma Martin sued to obtain a lung from the Plan, not monetary benefits from which a portion could be used to pay an attorney. In all similar cases where success means the recovery of non-monetary benefits, plaintiffs will have difficulty obtaining legal representation but for the possibility of recovering fees under § 1132(g). If participants who seek non-monetary benefits cannot retain attorneys, ERISA’s provisions will not be effectively enforced. Such suits will only be filed, and ERISA’s provisions will only be effectively enforced, if success on the merits portends a likely recovery of fees under § 1132(g). In exercising discretion to award fees, a district court should therefore consider whether a suit will result in a monetary recovery from which adequate fees can be paid. If not, fees should probably be awarded under § 1132(g).
Second, in denying fees, the district court noted that Martin would not have prevailed but for a procedural irregularity in the Plan’s decision-making process. The majority apparently approves the district court’s consideration of that factor in denying fees, ante at 972, but I am greatly troubled by this factor because it often leads to the imposition of liability in the first place.
In ERISA cases in which the Plan administrator funds the plan, the conflict triggers a less-deferential standard when “(1) a palpable conflict of interest or a serious 'procedural irregularity exist[s], which (2) causefs] a serious breach of the plan administrator’s fiduciary duty.” Woo v. Deluxe Corp., 144 F.3d 1157, 1160 (8th Cir.1998) (emphasis added). In other words, we heighten our review of a Plan’s denial of benefits precisely because of procedural irregularities in its decision-making process, and our heightened standard of review is often outcome-determinative. See Barnhart v. UNUM Life Ins. Co. of Am., 179 F.3d 583, 589 (8th Cir.1999) (“Logically, a plaintiff who can show that a conflict of interest or serious procedural irregularity caused a serious breach of the administrator’s fiduciary duty will more than likely have substantial evidence showing that the fiduciary’s decision was arbitrary and capricious.”). The majority’s discussion will have the incongruous effect of justifying a denial of fees when that is the very reason a plaintiff prevails. ERISA plans now have less incentive to avoid procedural blunders because they will not be responsible for paying attorney fees when they occur.
ifc sfc sis ‡ # 5{:
Because the district court improperly considered the existence of a procedural irregularity as a factor that justified its denial of fees, and in my view gave too little consideration to the fact that Norma Martin’s successful suit yielded no monetary benefits from which fees could be paid, I would reverse and remand with instructions to award fees at a reasonable hourly rate.