Lawrence STURGILL, Appellant,

v.

John L. LEWIS et al., Trustees, Appellees.

No. 20031.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 26, 1966.

Decided Dec. 28, 1966.

Mr. Ronald D. Haggart, Washington, D. C., with whom Mr. Byron K. Welch, Washington, D. C., was on the brief, for appellant.

Mr. Charles L. Widman, Washington, D. C., for appellees. Messrs. Edward L. Carey, Val J. Mitch and Joseph T. McFadden, Washington, D. C., were on the brief for appellees. Mr. Welly K. Hopkins, Washington, D. C., also entered an appearance for appellees.

Before FAHY, WRIGHT and TAMM, Circuit Judges.

PER CURIAM.

Appellees are Trustees of the United Mine Workers Welfare and Retirement Fund of 1950, an irrevocable trust created pursuant to 29 U.S.C. § 186 (c) (5) by its settlors, Coal Operators Signatory to the National Bituminous Coal Wage Agreement of 1950 and a labor union, the United Mine Workers of America. Appellant is an applicant for a pension from the Fund. The Trustees denied his application on the ground that he had not established proof of twenty years' classified service in the Bituminous Coal Industry within the 25-year period immediately preceding his application for a pension. In the District Court the

Trustees abandoned [1] this basis for denial of appellant's application, and urged his age at the time the application was filed as a bar. The District Court, after a trial *de novo,* dismissed appellant's claim for relief on this latter ground.

In Danti v. Lewis, 114 U.S.App.D.C. 105, 312 F.2d 345 (1962), this court held that "the District Court's duty was to determine whether the material then before the Trustees was sufficient to support their decision," and not to try "the case *de novo* on a factual issue not presented in the administrative record before it * * *." 114 U.S.App.D.C. at 109, 110, 312 F.2d at 349, 350. Under the circumstances, this court has no alternative but to vacate the judgment of the District Court and remand the case with instructions to remand it to the Trustees for resolution of the factual issue determined *de novo* by the District Court.

██ Since the Trustees perform their function as such pursuant to an Act of Congress in an area of social concern and importance, not only to miners like appellant who have applied for pensions, but to future applicants as well whose pension rights may be jeopardized by depletion of the Fund through improper disposition thereof, the proceedings before the Trustees should conform to at least elemental requirements of fairness, which requirements in these circumstances normally include, in addition to notice, a hearing at which the applicant is confronted by the evidence against him, an opportunity to present evidence in his own behalf, articulated findings and conclusions having a substantial basis in the evidence taken as a whole, and a reviewable record. If the Trustees for some reason are unable or unwilling to comply with these fairness requirements, in the interest of proper and prompt disposition of these pension claims, it may become necessary to reconsider our ruling in *Danti.*

So ordered.

TAMM, Circuit Judge, dissents.

---

1. Apparently because of this court's opinion in Kosty v. Lewis, 115 U.S.App.D.C. 343, 319 F. 2d 744 (1963).