Juan Sanchez LUGO, Plaintiff,

v.

The **EMPLOYEES RETIREMENT FUND OF the ILLUMINATION PRODUCTS INDUSTRY et al., Defendants.**

No. 73–C–663.

United States District Court,
E. D. New York.

Oct. 12, 1973.

John C. Gray, Jr., New York City, for plaintiff; Douglas J. Kramer, Brooklyn Legal Services Corp., Brooklyn, N. Y., and David S. Preminger, New York City, of counsel; E. Judson Jennings and Jonathan A. Weiss, Legal Services for the Elderly Poor, New York City, of counsel.

Harold Stern, New York City, for defendants; Norman Rothfeld, New York City, of counsel.

BARTELS, District Judge.

Plaintiff brings this action for declaratory and injunctive relief against The Employees Retirement Fund of the Illumination Products Industry (Retirement Fund) and the trustees thereof, alleging a violation by defendants of Section 302 of the Taft-Hartley Act, as amended, 29 U.S.C. § 186 (the Act) in denying plaintiff's application for benefits under the Retirement Fund, and also claiming damages. Jurisdiction is alleged under Section 302(c)(5) and (e) of the Act, as well as under 28 U.S.C. §§ 1331 and 1337.

Defendants move to dismiss the complaint under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the ground that the Court has no jurisdiction of the complaint under Section 302 of the Act, and also that plaintiff has failed to state a claim upon which relief can be granted.

By Section 302 of the Act, Congress intended to prohibit the corruption of union representatives and the extortion of tribute from employers and thus eliminate the influence of side payments. As a part of this statutory scheme the sole control by union officials of trust funds under Section 302(c)(5) was proscribed. Section 302(c)(5) authorized payments to trust funds established "for the sole and exclusive benefit of the employees of such employer . . ." and administered by representatives of employers and employees and neutral persons provided that the trust is for retirement pensions and other benefits for employees including disability insurance. In addition, the detailed basis for payments and operation of the trust was required to be set forth in an agreement between the parties. Paragraph (e) of Section 302 of the Act expressly grants jurisdiction to the district courts [1] to restrain violations of this section. There is no question that the Retirement Fund in this case and its trustees are subject to the provisions of Section 302.

The Retirement Fund provides for two kinds of benefits relevant to plaintiff's position: (1) standard retirement benefits for those who have remained employed or have been available for employment by contributing employers, attain the age of 60 and have 90 months employment in the ten-year period immediately preceding the filing of a participant's application; and (2) disability pension for those who have been employed or available for employment by contributing employers for at least ten years and have an aggregate of 90

---

1. Section 302(e) of the Act reads in part: "The district courts of the United States and the United States courts of the Territories and possessions shall have jurisdiction, for cause shown, and subject to the provisions of section 381 of Title 28 (relating to notice to opposite party) to restrain violations of this section, . . . ."

months employment for the ten years immediately preceding the filing of a participant's application and who are also permanently disabled to the extent that they can no longer obtain gainful employment in any occupation.

Plaintiff, age 50, a participant in the Fund since 1955 with 195 months of credited employment and a victim of diabetes, applied for benefits under the disability provision of the Retirement Fund on the ground that he was totally disabled and unable to engage in gainful employment or, in the alternative, for retirement benefits under the standard retirement fund. His application for relief was denied by the trustees as failing to satisfy the eligibility requirements of either of the foregoing provisions.

He attacks the standard retirement provision of the plan claiming it is arbitrary and unreasonable because it (i) excludes him and all others similarly situated who have not reached the age of 60 but who have worked in the industry more than 90 months, while it includes those who had reached the age of 60 and have worked in the industry only 90 months; and (ii) requires employment or availability for employment by contributing employers for 90 months preceding the filing of the application and thus deprives him and others similarly situated who have worked in the industry but who have not been employed for 90 months in the ten-year period immediately preceding the filing of the application, of any credit for prior employment in the industry outside the ten-year period. At the same time plaintiff challenges the eligibility provision of the disability pension on the ground that (i) the requirement that the participant be so permanently disabled that he can no longer secure gainful employment in any industry is arbitrary and unreasonable;

and (ii) the procedures established for the determination of disability of the participants so lacked the fundamental requirements of due process, such as a hearing and an opportunity to present medical evidence, as to render them arbitrary and capricious.

I

■ We are compelled initially to turn to the question of jurisdiction which, in fact, has been the subject of attack in prior similar cases. See, e. g., Insley v. Joyce, 330 F.Supp. 1228 (N.D. Ill.1971). Defendants claim that under the provisions of Section 302(c)(5), requiring the trust fund to be established "for the sole and exclusive benefit of the employees of such employer, and their families and dependents," this Court's jurisdiction is limited to the issue of whether there has been a violation of the basic structure of the trust agreement.[2] They insist that this Court has no jurisdiction to dictate the terms of the trust agreement or to adjudicate a violation of the fiduciary obligation of the trustees in the administration of the trust. With this general statement there can be no disagreement provided the trust agreement, in the first instance, complies with Section 302. Bowers v. Ulpiano Casal, Inc., 393 F.2d 421 (1st Cir. 1968); Insley v. Joyce, supra; Giordani v. Hoffmann, 295 F.Supp. 463 (E.D.Pa.1969); Porter v. Teamsters, etc. Funds, 321 F. Supp. 101 (E.D.Pa.1970). The Court in Bowers, supra, expressed what this Court believes to be the proper jurisdictional foundation of Section 302. There the Court said:

"We are, however, persuaded that the weight of reason and authority compels a narrow reading of section 302(e). In the first place, its language limits federal courts 'to re-

2. The legislative history of Section 302 throws little light upon the scope of Congressional intent in enacting the section except to make it clear that the objective was to remove the corruptive influence of side payments and to proscribe control of the trust funds by union officials. See Weir v.

Chicago Plastering Institute, Inc., 177 F. Supp. 688, 696 (N.D.Ill.1959), reversed, 279 F.2d 92 (7th Cir. 1960); Bowers v. Ulpiano Casal, Inc., 393 F.2d 421, 425 (1st Cir. 1968); Insley v. Joyce, 330 F.Supp. 1228, 1233 (N.D.Ill.1971).

strain violations of this section'. These violations, if we read correctly, are violations of basic structure, as determined by the Congress, not violations of fiduciary obligations or standards of prudence in the administration of the trust fund." 393 F.2d at 424.

### A

This leaves open for determination the crucial issue as to whether, in fact, the trust agreement was for the sole and exclusive benefit of the employees. If the Court finds that the trust agreement is not so structured it, of course, possesses jurisdiction over the claim, but the Court can determine this question only if, in the first instance, it assumes jurisdiction. Wheeldin v. Wheeler, 373 U. S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963); Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). A plaintiff who places in issue the exclusionary eligibility requirements of a trust fund places in issue the question whether the fund is a section 302 trust fund. Thus, the District of Columbia Court of Appeals held in 1968 in Roark v. Lewis, 130 U.S.App.D.C. 360, 401 F.2d 425, that the requirement in a trust of employment by the employee by the last signatory coal operator to qualify for eligibility benefits was prima facie unreasonable and required the trustees to come forward with evidence establishing its reasonableness, saying, at p. 429:

"We do say that when such employees are *denied* pensions by a requirement which would *give* pensions to employees having worked a substantially lesser period of time for contributing employers, the burden is on the trustees to show some rational nexus between the Fund's purpose and the requirement. If such a nexus is shown, the court's scrutiny is at an end. It is for the trustees, not judges, to choose between various reasonable alternatives."

In a similar case, Insley v. Joyce, *supra*, 330 F.Supp. at 1233, it was held:

"A pension plan which excluded a sizeable number of union members, with no reasonable purposes behind their exclusion, may, in fact, fail to be for the sole and exclusive benefit of employees as Congress used that term in its exemption to the general prohibition against payment of moneys from employers to labor representatives."

■ Plaintiff having alleged that the trust fund is not "for the sole and exclusive benefit of the employees" by reason of its exclusive eligibility requirements, the Court has jurisdiction to determine whether the trust agreement in fact satisfies the statutory standards of Section 302 and, in addition, under Section 302(e) has specific authority to restrain any violations of that section.

### B

Jurisdiction over plaintiff's second claim, predicated upon a lack of due process procedures by the trustees in determining eligibility of the participants, raises a more doubtful question. It is not clear from a literal reading of the statute whether such action by the trustees involves the violation of a fiduciary obligation in the administration of the trust or the authority of the trustees granted in the agreement to administer the trust in a manner so lacking in fundamental fairness that its operation would not be "for the sole and exclusive benefit of the employees." Such conduct if authorized, would in substance be equivalent to a basic structural defect. Referring to such conduct, the Court of Appeals of the District of Columbia in Roark v. Lewis, *supra*, 401 F.2d at 426–427, concluded that the statute:

"explicitly casts authority to create such a fund in trust terms, consequently the scope of court review of trustees' action has been defined as one of determining whether their action was arbitrary or capricious. If it was, then potential beneficiaries of the trust may justly complain that they were entitled to have a higher

standard of conduct exercised on their behalf."

At first blush, this statement seems to ignore the distinction between an express exclusionary provision in the trust agreement itself and arbitrary and exclusionary action of the trustees in interpreting or administering the trust. As a practical matter, however, if such conduct is authorized, it is difficult to differentiate between the two since the result in both cases is exclusion of employees from the benefits of the trust. In Sturgill v. Lewis, 125 U.S.App.D.C. 335, 372 F.2d 400 (1966), the Court of Appeals of the District of Columbia said:

". . . the proceedings before the Trustees should conform to at least elemental requirements of fairness, which requirements in these circumstances normally include, in addition to notice, a hearing at which the applicant is confronted by the evidence against him, an opportunity to present evidence in his own behalf, articulated findings and conclusions having a substantial basis in the evidence taken as a whole, and a reviewable record."

In Danti v. Lewis, 114 U.S.App.D.C. 105, 312 F.2d 345, 348 (1962), the same Court assumed jurisdiction to ascertain whether the action of the trustees of a welfare and retirement fund in denying the eligibility of a participant's application for retirement benefits, was supported by substantial evidence or was arbitrary and capricious.

■ We are not certain whether the Second Circuit will interpret the jurisdiction of this Court under Section 302 as broadly as the District of Columbia Court of Appeals. We do believe, however, that a trust fund which authorizes the trustees to act arbitrarily and capriciously to exclude from eligibility certain potential employee-beneficiaries, has a structural defect in that it fails to satisfy the requirement that the fund shall be for the sole and exclusive benefit of all the employees. A Section 302 trust fund does not fit the catego-

ries of an ordinary trust and to that extent is *sui generis* and thus requires compliance with the objectives of Section 302. Roark v. Lewis, *supra*, 401 F.2d at 427. In assuming jurisdiction for the enforcement of such a trust in accordance with Section 302, we do not do so under any broad chancery powers of the Court (*cf.*, e. g., Copra v. Suro, 236 F.2d 107 (1st Cir. 1956)), or under the theory that Section 302(e) is "the foundation stone for federal court management of trust funds." See Bowers v. Ulpiano Casal, Inc., 393 F.2d at 426. Rather, we believe that jurisdiction in a case of this kind can be found within the "penumbra of express statutory mandate" of Section 302. See Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 457, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

II

■ Assuming jurisdiction, defendants next insist that the complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The gravamen of the defendants' contention is that assuming plaintiff's allegations are true, they do not set forth a violation of Section 302. This argument is closely allied to the jurisdictional attack. In effect, defendants maintain that provisions in a trust fund which deny eligibility for retirement and disability benefits for allegedly arbitrary reasons to a substantial number of employees, do not set forth a cause of action. With this contention we cannot agree. The complaint raises serious questions of eligibility classifications and arbitrary conduct on the part of the trustees, which cannot be dismissed without evidence establishing a rational nexus or relationship between employee eligibility classifications and the trustees' conduct on one hand, and the objectives of Section 302 (c)(5) on the other hand.

If we are also to treat the defendants' application under Rule 12(b)(6) as a motion for summary judgment, it appears clear that it too must be denied because no evidence has been submitted

to the Court to indicate that plaintiff's allegations concerning eligibility requirements and absence of due process are without merit.

Defendants' motion is, therefore, in all respects denied. So ordered.