Howard L. NIXON, Plaintiff,

v.

Thomas F. O'CALLAGHAN et al.,
Defendants.

No. 73 Civ. 3061 (CHT).

United States District Court,
S. D. New York.

May 7, 1975.

Edward J. Quinlan, New York City, for plaintiff.

Marvin Schwartz, New York City, for defendants.

## MEMORANDUM

TENNEY, District Judge.

This action for reinstatement of plaintiff's pension benefits under the Masters, Mates and Pilots Trust Fund ("the Trust Fund") and for payment of pension benefits withheld since late 1972 was commenced in the New York State Supreme Court, New York County, and removed to this Court on the ground that it purported to state a claim over which the federal district courts have subject matter jurisdiction under § 302(e) of the Labor Management Relations Act of 1947 ("the Act"), 29 U.S.C. § 186, and 28 U.S.C. § 1337.[1] The gra-

---

1. Although paragraph 10 of the petition for removal states that the action is one which "arises under the Constitution, treaties or laws of the United States", presumably a reference to 28 U.S.C. § 1331, it would appear that defendants intended to rely upon 28 U.S.C. § 1337. *See* Moglia v. Geoghegan, 403 F.2d 110, 112 (2d Cir. 1968).

vamen of the complaint is that the regulation under which the defendant Trustees acted in discontinuing plaintiff's pension, Section 13 of the Trust Fund's Regulations, is "unreasonable on its face" (Complaint ¶ 8) and that the application of that regulation in his case was arbitrary, capricious and a breach of the Trustees' fiduciary obligations (Complaint ¶¶ 7, 8). Both sides have moved pursuant to Fed.R.Civ.P. 56(c) for summary judgment. For the reasons stated *infra*, the motions are denied and the case is remanded to the state court.

In the course of reviewing the papers submitted for determination of the summary judgment motions, the Court had occasion to review the complaint and defendants' petition for removal.

The complaint alleges, in essence, that in October or November 1968, plaintiff acquired a vested right to pension benefits from the Trust Fund, a trust which provides a pension for members of the Masters, Mates and Pilots Union[2] upon completion of certain requirements. It is further alleged that:

"7. Thereafter and on or about the 10th day of November 1972, the Trustees of the MASTERS, MATES AND PILOTS PENSION TRUST wrongfully and unlawfully, arbitrarily and capriciously, and in breach of their fiduciary relationship with the plaintiff, revoked plaintiff's right to pension benefits under the MASTERS, MATES AND PILOTS PENSION TRUST. In arguendo the Trustees have stated that the plaintiff was in violation of the Trust Agreement and Plan more specifically Article II–A, Section 13, (subd. b3) in that [plaintiff] had taken Covered Employment and not notified the Trustees as set forth in the above mentioned article, section and subdivision thereof."

There then follows a reference to that portion of the Trust Agreement and Plan, which provides:

Section 13. *Retirement Defined.*

a. To be considered retired, a person must withdraw completely from any further employment in any capacity aboard any vessel whatsoever. As used in the foregoing sentence, the word "vessel" shall not include fishing vessels and yachts. Upon application by the pensioner, the Trustees may, in their sole discretion, authorize employment aboard other small craft which the Trustees, in their sole discretion consider similar type vessels.

b. If a Pensioner works in employment forbidden by this section,

1. He shall not be entitled to pension benefits for any month of such employment and for six additional months;

2. He shall be required to return pension amounts previously received and failing to do so, shall not be entitled to any further benefits; and

3. He must notify the Trustees in writing within 15 days, if he fails to give prompt notice, the Trustees may in their sole discretion permanently disqualify him from any further benefits.

The complaint continues:

"8. The plaintiff in opposition to the position taken by the Trustees states unequivocally that the rule is unreasonable on its face and that the facts are contrary to the determination made by the Trustees. Said facts being that on or about the 27th day of September 1972 plaintiff did for a three day period accept employment aboard a vessel by direction of his employer. That employment was not Covered Employment in that at the time the plaintiff's employer had been

---

2. More correctly, the International Organization of Masters, Mates and Pilots.

struck by the MASTERS, MATES AND PILOTS Union. Members of that Union when requested to work the vessel in question had steadfastedly [sic] refused to man same. Plaintiff, thereafter, at the direction of his employer did accept employment aboard the SEA-LAND GALLOWAY. However, because of the unavailability of any other person as hereinbefore stated [plaintiff] did not in actuality displace a normally covered employee. Plaintiff's actions, therefore, did not constitute Covered Employment and did not violate the provisions of the Pension Trust."

The complaint concludes with a demand for declaratory, injunctive and monetary relief.

The action was removed by the defendants on the ground that it was one which:

"arises under the Constitution, treaties or laws of the United States and is a Civil Action of which the District Courts of the United States have jurisdiction, in that, among other things, *it claims that a certain provision of the Pension Trust Agreement and Plan, established pursuant to and in conformity with Section 302 of the Labor-Management Relations Act of 1947, 29 U.S.C. Section 186, is unreasonable on its face,* and under the provisions of 29 U.S.C. Section 186(e), the District Courts of the United States are given jurisdiction, for cause shown, to restrain violations of 29 U.S.C. Section 186." (Petition ¶ 10) (Emphasis supplied).

■ Apparently unfamiliar with the proper procedure for contesting removal,[3] plaintiff filed what he has denominated an "Answer to Petition for Removal" and asked that the petition be "dismissed". He argued that federal subject matter jurisdiction under Section 302(e)[4] obtains solely in cases which seek to restrain the payment of funds to employee representatives, *i. e.,* to actions alleging violations of Section 302(a).[5]

No formal motion to remand having been made, the question of the Court's subject matter jurisdiction lay dormant until plaintiff moved for summary judgment. His motion papers posit a variety of theories of relief, the most important of which, for our purposes, is the claim that Section 13(b)(3) of the Trust Agreement and Plan is not for the "sole and exclusive benefit of the employees" of employers who contribute to a trust fund created under Section 302(c)(5).[6] In other words, by the time plaintiff had decided to move for summary judgment, he had conceded that he had a claim over which the federal courts have original jurisdiction under Section 302(e) (see discussion, *infra*), although he had not set forth such a claim in his complaint.

■ When a case is removed to federal court pursuant to 28 U.S.C. § 1441 et seq., it is important that the court, which is a court of limited jurisdiction, investigate the source of its jurisdiction, even when plaintiff does not contest the removal. Moore, 1A Federal Practice ¶ 0.157[11] at p. 136 (2d ed.

---

3. The proper procedure would have been to make a motion to remand the case to state court. Moore, 1A Federal Practice ¶ 0.-168[4.–1] at p. 524 (2d ed. 1974).

4. Section 302(e) provides in pertinent part: "The district courts of the United States . . . shall have jurisdiction, for cause shown, . . . to restrain violations of this section . . . ."

5. Section 302(a) makes it unlawful for an employer to pay anything of value to a rep-

resentative of his employees, to any labor organization which represents, or seeks to represent, his employees, or to any employee for the purpose of unlawfully influencing him. Additionally, Section 302(b) makes it unlawful for any person to receive anything of value prohibited by Section 302(a).

6. Plaintiff's Brief; Plaintiff's Reply Brief; Plaintiff's Reply Affidavit to Defendants' Cross Motion for Summary Judgment.

1974). The parties cannot confer jurisdiction by consent or waiver. *Id.* In determining whether a case has properly been removed, the Court must examine plaintiff's pleading—in this case, the complaint.[7] Great Northern Railroad Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713 (1918); Moore, 1A Federal Practice ¶ 0.163[4.-3] at pp. 258–61. A defendant may not remove a case to a federal court by supplementing the pleading unless the complaint, poorly drafted, necessarily states a claim cognizable in the federal courts or unless plaintiff fraudulently conceals facts which would have supported such jurisdiction. Great Northern Railroad Co. v. Alexander, *supra,* 246 U.S. at 282, 38 S.Ct. 237; Moore, 1A Federal Practice ¶ 0.163[4.-3] at pp. 258–61; ¶ 0.-168[3.-4] at pp. 459–60. If the court's examination of that pleading indicates that plaintiff has properly and in good faith "pitched" his case upon a theory which would not support federal jurisdiction, and if there is no other independent basis for federal jurisdiction, *e. g.,* diversity, then the case must be remanded or dismissed (whichever is appropriate).

Having set forth the scope of this Court's inquiry, it is necessary to discuss generally some of the law which has developed in the area of federal-state jurisdiction in cases involving trust funds established under Section 302 of the Act ("Section 302—trust funds"). *See* Note, Developing Federal Labor Law of Welfare and Pension Plans, 55 Cornell L.Rev. 911, 925–38 (1970).

By virtue of Section 302(c)(5), certain employer contributions to employee representatives, otherwise prohibited under Section 302(a) and (b) of the Act, are permitted provided they meet certain "structural" requirements [8] set forth in that subparagraph, including the requirement that such contributions be made to a trust fund established "for the *sole and exclusive benefit* of the employees of [a contributing] employer, and their families and dependents . . ." (emphasis supplied). As the federal courts have interpreted that subparagraph and subparagraph (e) of Section 302, the federal courts have original, but not exclusive, jurisdiction over a claim which alleges that the trustees of such a trust have enacted a regulation which, on its face or as applied, is in contravention of the "structural" requirements. *See, e. g.,* Bowers v. Ulpiano Casal, Inc., 393 F.2d 421, 423–25 (1st Cir. 1968); Lugo v. Employees Retirement Fund of Illum. Prod. Indus., 366 F.Supp. 99, 101–03 (E.D.N.Y.1973); Insley v. Joyce, 330 F.Supp. 1228, 1231–32 (N.D.Ill.1971); Giordani v. Hoffmann, 295 F.Supp. 463, 469–71 (E.D. Pa.1969).

Where such a claim is commenced in a federal court, that court has the power to examine the regulation, its purposes and effects, and determine whether it is arbitrary or unreasonable, or—to restate the proposition—whether the regulation is devoid of any "rational nexus or relationship" to the requirements of Section 302(c)(5), Lugo v. Employees Retirement Fund, *supra,* 366 F.Supp. at 103. *Accord,* Toensing v. Brown, 374 F.Supp. 191, 198 (N.D.Cal.

7. It is true that 28 U.S.C. § 1446 provides for removal in a situation where the initial pleading is not removable. However, defendants' petition was filed well before plaintiff moved for summary judgment.

8. As noted in Bowers v. Ulpiano Casal, Inc., 393 F.2d 421, 424 n. 4, a "structural" violation would consist of

"contributions to a trust fund which was not established for the sole and exclusive benefit of employees and dependents;

which did not hold payments in trust to pay, from principal or income, for such employees' medical care, pensions, illness, etc.; which did not set forth in writing the detailed basis of payments; which did not have equal representation of employees and employers with provision for a neutral person or umpire; which did not contain provisions for an annual audit; or which did not have a separate trust for pension and annuity funds."

1974); Insley v. Joyce, *supra*, 330 F. Supp. 1233–34. Since that same standard of review is often followed in cases which are in federal court on the basis of diversity jurisdiction, see Beam v. International Organization of Masters, Mates and Pilots, 511 F.2d 975, 979 (2d Cir., 1975); Lee v. Nesbitt, 453 F.2d 1309, 1310, 1311 (9th Cir. 1972), and is apparently based upon traditional notions of state fiduciary law, *see* Beam v. International Organization of Masters, Mates and Pilots, *supra*, 511 F.2d at 979, the difficulty of determining whether a complaint states a claim over which there exists federal, as opposed to state, jurisdiction is readily apparent.

The possibility of confusion is especially clear in cases involving an attack upon a Section 302-trust fund regulation on the ground that it violates, on its face or as interpreted, that portion of Section 302(c)(5) which requires that the trust be solely and exclusively for the benefit of the employees of contributing employers. Note, Developing Federal Labor Law of Welfare and Pension Plans, *supra*, 55 Cornell L.Rev. at 926. Although one court has wisely cautioned against the invocation of the phrase "sole and exclusive benefit" of the employees "as a shibboleth for gaining access to federal courts" in cases where plaintiff's complaint is really grounded upon state trust law and not upon violation of the structural requirements of Section 302(c)(5)' of the Act, Giordani v. Hoffmann, *supra*, 295 F.Supp. at 471–72, it would appear that, for federal jurisdiction to obtain in a case where no other "structural" violations are claimed, an allegation to that *effect* must appear in the complaint.

■ In light of all these principles, the Court must reject plaintiff's contention in its "Answer to Petition for Removal" that the federal courts only have jurisdiction under Section 302(e) over actions which claim the illegal payment of funds to employee representatives, Section 302(a) (or the illegal receipt of such funds, Section 302(b)). Nevertheless, the Court is of the opinion that the complaint as drafted did not present sufficient facts to form the basis for federal jurisdiction under Section 302(e) of the Act and that, therefore, the case was improperly removed. The Court reasons as follows.

The major fact upon which defendants relied in removing this case was that the Trust Fund's Regulations, and in particular, Section 13 (the Section which plaintiff claimed was "unreasonable on its face"), *was established pursuant to Section 302(c)(5)* (Petition ¶¶ 2, 10). That fact, however, does not appear in the complaint. The question that arises, then, is whether that missing fact would of necessity have been part of a well-pleaded complaint.

■ If *any* question involving a trust created under Section 302(c)(5) were automatically cognizable in a federal court under Section 302(e), then it could be argued that the specific fact, pleaded by defendants but not by plaintiff, was necessary to the complaint. As the Court has attempted to demonstrate, however, only a limited number of claims involving such trusts confer original jurisdiction upon the federal courts under Section 302(e). Defendants incorrectly assumed that, once it is claimed that a regulation enacted by Trustees administering a Section 302-trust fund is "unreasonable on its face", the claim raises a question cognizable under that section. No doubt, this faulty assumption can be attributed to the confusing manner in which the federal courts have approached the subject of jurisdiction in cases involving such trusts.

■ The mere fact that Section 13's reasonableness is raised as an issue in the complaint does not automatically resolve the question of jurisdiction. As discussed earlier, the question of a regulation's "reasonableness" suffices to confer jurisdiction under Section 302(e) only where it is claimed, either explicitly or in words of similar import, that the

"unreasonableness" stems from the fact that the regulation violates that portion of Section 302(c)(5) which demands that the trust fund be for the sole and exclusive benefit of certain defined persons. If the claim of unreasonableness is based upon some other ground, the case is one that must be brought in state court, unless there is some alternate theory of federal jurisdiction, e. g., diversity.

Upon examining the complaint, it cannot be concluded that the claim that Section 13 is unreasonable is based upon the fact that it violates Section 302(c)(5)'s structural requirements, particularly the requirement that it be for the sole and exclusive benefit of certain employees. Rather, it would appear that the complaint could simply be construed as a claim based upon violation of state fiduciary law. Section 13's conformity with Section 302(c)(5) is not an essential ingredient of plaintiff's claim, at least as originally envisioned. Consequently, the action was improperly removed.

The Court would make one further point. It is of no consequence that the facts and arguments set forth in plaintiff's summary judgment papers would themselves support federal jurisdiction under Section 302(e). The sole question in considering subject matter jurisdiction of an action which has arrived here by way of removal is whether the complaint, well-pleaded, stated sufficient facts to support jurisdiction under that section.

Since it would appear that the state court from which this action was removed has jurisdiction over it (in so stating, of course, the Court has no intention of precluding the state court from considering the matter on its own) the case will be remanded. Moore, 1A Federal Practice ¶ 0.169[1]. Obviously, the determination of the merits of the controversy must be left to that forum.

Accordingly, the motions for summary judgment are denied and the case is remanded to the state court from which it originated.

So ordered.