Elmer PICKETT, Plaintiff,

v.

UNITED MINE WORKERS OF AMERICA HEALTH AND RETIREMENT FUNDS et al., Defendants.

No. CIV–4–77–37.

United States District Court,
E. D. Tennessee,
Winchester Division.

April 6, 1978.

Howard G. Swafford, Jasper, Tenn., for plaintiff.

E. H. Rayson and John T. Johnson, Jr., Knoxville, Tenn., and Henry S. Ruth, Jr., and Timothy J. Parsons, Washington, D. C., for defendants.

## MEMORANDUM OPINION, ORDER AND REMAND

NEESE, District Judge.

This is a removed, 28 U.S.C. § 1441(a), civil action in which the plaintiff is seeking to recover disability benefits under an employee-benefit plan. 29 U.S.C. § 1132(e)(1), (f). The parties filed cross-motions for summary judgment. Rules 56(a), (b), Federal Rules of Civil Procedure.

A United States magistrate of this district recommended that each such motion be denied, and that this action be remanded to the defendant trustees for the taking and consideration of additional evidence, or alternatively, that this action proceed to trial solely on the issues of whether the trustees acted arbitrarily, capriciously, or in bad faith in failing to afford the plaintiff the opportunity for a full and fair review of his claim. 28 U.S.C. § 636(b)(1)(B). The defendants served and filed timely written objections to such recommendation, and the undersigned judge considers de novo the portions of the magistrate's recommendation to which objections were made. 28 U.S.C. § 636(b)(1).

In order to be entitled to the pension benefits sought herein, the plaintiff Mr. Pickett was required to have established that he was totally and permanently disabled by a mine accident which occurred after May 29, 1946, while he was employed in a classified job for an employer which was a signatory to the National Bituminous Coal Wage Agreement, then in effect. It is undisputed that Mr. Pickett is totally and permanently disabled as a result of a mine accident which occurred after May 29, 1946; however, the defendants denied his claim for such benefits on the ground that, at the time of his accident (now claimed to be August 30, 1957), he was not employed in a classified job for an employer signatory to the aforementioned wage agreement.

There was evidence before the trustees indicating that, at the time of his accident, Mr. Pickett was not employed by the Earl Patton Coal Company as he claimed, but rather that he was self-employed as a non-signatory to the wage agreement. However, in support of his motion for a summary judgment, the plaintiff submitted to this Court certain affidavits somewhat substantiating his contention that, on August 30, 1957, he was employed by the aforementioned coal company in a classified job, and that such employer was then a signatory to the aforementioned wage agreement. The plaintiff claims further herein that the defendants effectively denied him a full and fair review of his claim at which time he, presumably, would have presented addition-

4

al evidence in support of his right to disability benefits. See: 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1; and *Sturgill v. Lewis* (1966), 125 U.S.App.D.C. 335, 372 F.2d 400, 401[2].

Under such circumstances, and in light of this Court's limited scope of review herein, *Norton v. I. A. M. Nat. Pension Fund* (1977), 180 U.S.App.D.C. 176, 553 F.2d 1352, 1356[1], the Court agrees with the magistrate that the proper course of action at this time is to remand this action to the trustees. See and *cf.: Phillips v. Kennedy*, C.A. 8th (1976), 542 F.2d 52, 55, n. 10; *Sturgill v. Lewis, supra*, 125 U.S.App.D.C. at 336, 372 F.2d at 401[1]; and *Danti v. Lewis* (1962), 114 U.S.App.D.C. 105, 312 F.2d 345, 349–350[2]. It would appear that such a remand and reconsideration by the trustees would render moot the plaintiff's claim that he has been denied a full and fair review of his application.

The defendants' objections to the magistrate's recommendation hereby are OVER-RULED; such recommendation hereby is ACCEPTED in its former alternative; each such motion for a summary judgment hereby is DENIED; and this action hereby is REMANDED to the defendant trustees for the taking of whatever additional evidence the plaintiff offers and for a reconsideration of his claim in the light thereof.* Jurisdiction hereby is RETAINED by this Court.

---

* It is suggested that adversary counsel communicate forthwith and attempt to arrange a mutually convenient method for the presentation of any such additional evidence and a reasonable time and place for any hearing which the parties may deem necessary.