45 F.3d 431
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNIVERSITY HOSPITALS OF CLEVELAND, Plaintiff-Appellant,
v.
EMERSON ELECTRIC CO. BENEFIT PLAN, Defendant-Appellee.
 No. 93-4294.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1994.
 
 1
 Before: KEITH and NELSON, Circuit Judges; and RUBIN, District Judge.*
 
 
 2
 Appellant University Hospitals of Cleveland brings this action under 29 U.S.C. Sec. 1132 for recovery of benefits under an employee health plan. Appellant seeks recovery of benefits for medical services rendered to Gerald Weaver, deceased. Such recovery was denied by the third-party administrator and the Employee Benefit Committee (EBC). For the reasons stated herein, the Court determines that this matter should be remanded to the EBC for reconsideration based upon documents which all parties now agree are controlling.
 
 
 3
 The issue of whether the EBC's denial of benefits was arbitrary and capricious turns on the question of whether the medical services which Mr. Weaver received beginning on January 8, 1991 were for a "pre-existing condition." The Emerson Electric Benefit Plan included the following provision concerning coverage for a pre-existing condition:
 
 
 4
 Pre Existing Condition Limits: Hospital expenses and other medical expenses incurred in connection with a disease or injury for which a covered individual received treatment or services or took prescribed drugs during the three month period immediately preceding the effective date of such individual's coverage under this Plan will not be included as covered medical expenses prior to the earliest of the dates shown in the Schedule of Benefits. Sec. 4, Para. 1.84.
 
 
 5
 The Schedule of Benefits for ASCO included the following language:
 
 
 6
 Pre Existing Limitation: No benefits are payable for a pre-existing illness or injury for which an individual was treated or took prescribed medicine within three months prior to coverage until: (1) the individual has been covered under this Plan for one year, or (2) the individual has been free of treatment for the pre-existing illness or injury for 3 months.[1]
 
 
 7
 Although it is undisputed that the above provisions govern Mr. Weaver's claim for benefits, there is reason to believe that the EBC did not consider these provisions in determining such claim. Rather, it appears that the EBC erroneously based its decision upon documents that define a pre-existing condition differently than do the actual Plan provisions. In the course of the review process, the EBC made references to a "Pre-existing Illness or Injury for which you or a covered family member received diagnosis, were treated or took prescribed medicines." (emphasis added). The actual Plan provisions do not define a pre-existing illness in terms of whether a covered individual has "received diagnosis".
 
 
 8
 While no evidence has been presented that either the EBC or Appellant acted in bad faith, it is clear that Appellant is entitled to consideration of its claim based upon the actual terms of the Plan under which Mr. Weaver was covered. There is evidence that the EBC erroneously relied upon a provision that was not included in the actual Plan documents. Such error should be corrected in the first instance by the EBC. See Wolfe v. J.C. Penney Co., Inc., 710 F.2d 388, 394 (7th Cir.1983).
 
 
 9
 Accordingly, the decision of the district court is REVERSED. This matter is REMANDED to the district court for remand to the EBC with instructions to review the claim under the terms of the actual Plan provisions applicable to such claim.
 
 
 
 *
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 It should be noted that neither exception (1) nor exception (2) applies to the matter at hand